Howe to Use, Appellant, *v.* Mimm.

Argued March 23, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*C. Raymond Young,* for appellant.

*Joseph G. McKeone,* and with him *Truman D. Wade,* for appellee.

Opinion by Parker, J., July 14, 1932:

W. N. Howe, an automobile dealer on August 20, 1929, rented an automobile on a bailment lease agreement to the defendant, John E. Mimm. On the same date, W. N. Howe sold to the Commercial Loan and Finance Corporation (hereinafter referred to as finance corporation) the said contract with the property described therein and all rights and remedies under the contract. The defendant having defaulted in the payment of certain installments provided for in the bailment lease, the plaintiff on September 4, 1930 entered judgment for the balance due and issued an execution. On petition of the defendant, the judgment was opened and an issue submitted to a jury, whereupon the court directed a verdict for the defendant.

Motion having been made by the plaintiff for binding instructions, the verdict was followed by a motion for judgment n. o. v. which the court refused.

It is conceded that prompt notice was given to John E. Mimm of the assignment of his bailment lease to the finance corporation. It so appears from the pleadings, stipulation of parties and as a certain inference from the arguments of counsel for defendant. Notwithstanding such notice, W. N. Howe and John E. Mimm entered into another contract whereby Mimm attempted to sell and deliver the car to Howe in exchange for a truck and Howe leased this car to one Allison on a bailment lease, which second lease was subsequently assigned to the finance corporation. On the trial of the case it was stipulated inter alia as follows: "It is agreed that without the knowledge of the officials of the finance company Mr. Mimm turned the car in to Mr. Howe in exchange for another automobile or truck. It is agreed that then Mr. Howe sold the car to Mr. Allison, and sold the second lease in Allison's name to the finance company. It is agreed that Mr. Mimm made all his arrangements as to lease and payments with Mr. Howe, and refused to have any business relations with the plaintiff. It is agreed that in the event of a verdict in favor of the plaintiff in this case it shall be for the full amount of the plaintiff's claim. It is agreed in the event of a verdict for the defendant there shall be nothing due the plaintiff from Mimm." The stipulation discloses that what was meant by the statement that Howe sold the car to Allison was that the car was leased to Allison at a monthly rental on a bailment lease agreement and that when the second lease was assigned to the finance corporation that company overlooked the fact that it was purchasing a second lease on the same car.

The lower court in arriving at its conclusion refusing the motion for judgment n. o. v. gave as a reason that the finance corporation by the purchase of the

second lease with knowledge that it already owned the first lease on the same car substituted the later lease for the earlier one and thereby released the obligor in the first lease from all liability. In other words, it held that there could not be a liability on both leases at the same time and that the company by its receipt of the second lease must be taken to have surrendered its rights under the first lease. No legal principle is cited either by the lower court or the learned counsel for the appellee in support of this position.

Counsel for the appellant in his brief and oral argument assumed that the court conceded that the finance corporation had only a constructive notice of the second lease and contended that the corporation was barred on the ground of equitable estoppel from enforcing its obligation against Mimm. He then enters into a discussion of the question of equities where constructive notice is involved and the principle of equitable estoppel. As a matter of fact, the lower court in its final opinion assumed actual knowledge by the finance corporation that the two leases covered the same car and does not refer to the principle of equitable estoppel. We agree with the counsel for the appellee and the lower court that the question of constructive notice is not involved in this case for the notice was a direct and actual notice. We must assume in disposing of this matter that the finance corporation had actual knowledge of the fact that the two leases were for the same car. Otherwise, a corporation could never be said to have had actual notice.

An examination of the facts demonstrates that the conclusion of the lower court cannot be sustained by invoking the principle of equitable estoppel. Viewing the facts in a light most favorable to the defendant, John E. Mimm had defaulted in the payments of the installments due under his lease for December, 1929 and January, 1930 and he was therefore, in any view of the matter, indebted for those two installments. At

this time, without any knowledge on the part of or notice to the finance corporation Mimm entered into a contract with the dealer Howe whereby Mimm sold the automobile to Howe for a valuable consideration. At this stage Mimm had sold property that did not belong to him and was still indebted to the finance corporation. He could not discharge his obligation by converting the automobile. He had entered into the contract with Howe with full knowledge of the fact that he was so indebted to the finance corporation and did not own the automobile which he undertook to sell. Nothing has yet been done by the finance corporation to mislead Mimm or cause him to act. Consequently, Mimm could not be said to have relied on the actions of the plaintiff in changing his position. "This estoppel arises when one by his acts, representations, or admissions, or by his silence when he ought to speak out, intentionally or through culpable negligence induces another to believe certain facts to exist and such other rightfully relies and acts on such belief, so that he will be prejudiced if the former is permitted to deny the existence of such facts": 21 C. J. 1113.

As plaintiff had no knowledge of the second sale until after the sale by Mimm to Howe of the car and there is not a scintilla of evidence that Mimm was induced to act or did act relying on the conduct of the finance corporation, one of the main elements necessary to invoke the defense of equitable estoppel is absent.

We surmise that the lower court meant to ground his conclusions on the theory that a lessor could not collect rental for the same chattel from two different parties under separate leases at the same time. Such leases as we have here under consideration involve the exclusive use of the chattel in return for a money rent. There could not be such exclusive use in different unconnected parties at the same time. Reverting to the facts, however, Mimm was indebted to the

finance corporation on January 16, 1930 when the second lease was taken over by that company for two installments of rental and even though the lease were terminated on that date, the parties by their stipulation made at the trial agreed, as is shown by the statement which we have heretofore quoted, that: "In the event of a verdict in favor of the plaintiff in this case it shall be for the full amount of the plaintiff's claim." The parties by this stipulation have eliminated the necessity for a consideration of the right of the finance corporation to receive rent after the date of the second lease. As a matter of fact, there was an entire rental fixed for the full term and the lease provided that in case of default the entire rental for the full term should become due. As we have said, however, the parties have disposed of this matter by their stipulation. It being self-evident that the plaintiff is entitled to a judgment, judgment must be entered for the full amount of the claim.

We believe the confusion in this case arises by neglecting to observe that Mimm had not discharged his obligations to the finance corporation when the second lease was given and that such liability persisted notwithstanding anything which Mimm might have done with the car. This contest arises not over a question of possession of the car, but in the enforcement of the obligation for the rental. The original lease provided specifically: "The remedies of the lessor are cumulative, not alternative." Reason and justice would seem to support the conclusion at which we have arrived. The defendant Mimm undertook to sell a car which he did not own and as he states himself, ignore the finance corporation and even though the finance corporation should have known that they were taking a second lease on the same car, it was through the fault of Mimm that this situation was brought about.

Judgment of the court below is reversed and it is directed that judgment be entered for the plaintiff for the full amount of its claim, $427 and attorney's commission of 15% with interest from September 4, 1930.